**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **CARMEN WASHINGTON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:26-cv-207** |
| | ) | |
| **CHARLES SCHWAB & CO., INC.** | ) | |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. That this suit is authorized and instituted pursuant to 42 U.S.C. § 1981 et seq., 42 U.S.C. § 2000e et seq., and Americans with Disabilities Act 42 U.S.C. § 12112 et seq. (ADA).

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on February 2, 2026.

**PARTIES**

3. Plaintiff is a Black, disabled woman and at all relevant times resided in the Southern District of the State of Indiana.

4. Defendant, Schwab and Company, is a corporation doing business in the Southern District of the State of Indiana.

**FACTS**

5. Plaintiff is a disabled, African-American woman.

6. Plaintiff began working at Defendant on or about October 24, 2012, as a Banking Specialist.

7. Plaintiff performed her job well and was never told she had any performance issues.

8. In 2014, Plaintiff was promoted to the position of a Broker.

9. In 2016, Plaintiff received another promotion to the position of Specialist Broker.

10. In 2017, Plaintiff received another promotion to the position of Manager.

11. In 2021, Plaintiff received another promotion to the position of Senior Manager.

12. Plaintiff met the expectations of all of her evaluations, with the exception of one.

13. In 2023, Plaintiff was diagnosed with the condition of Neuro-Divergent, which affects her ability to communicate.

14. Plaintiff notified Defendant of her condition in 2023

15. Plaintiff met the expectation of her mid-year review in August 2024.

16. Plaintiff also received a bonus in 2024, which confirms she was meeting her expectations.

17. In 2024, Plaintiff requested accommodations due to her medical condition.

18. In September 2024, Plaintiff was counseled and placed on a corrective action plan.

19. Subsequently on or about December 3, 2024, Plaintiff was terminated because Defendant alleged that she had not made enough improvement regarding her corrective action plan.

20. There were similarly situated non-black, non-disabled employees who engaged in similar or worse conduct but were not disciplined or terminated.

21. There were two similarly situated white, non-disabled employees who worked under her authority, and were performing so poorly that she requested that they be terminated. However, Plaintiff's manager would not approve their termination.

22. Defendant terminated Plaintiff due to her race.

23. Defendant terminated Plaintiff due to her disability.

24. Defendant terminated Plaintiff due to her engaging in protected activity.

25. Defendant discriminated against Plaintiff due to her race.

26. Defendant discriminated against Plaintiff due to her disability.

27. Defendant subjected Plaintiff to different terms, conditions, and privileges of employment due to her disability.

28. Defendant subjected Plaintiff to different terms, conditions, and privileges of employment due to her race.

**COUNT I**

29. Plaintiff incorporates by reference paragraphs 1–28 above.

30. Defendant, as a result of terminating due to her race, violated Title VII, 42 U.S.C. § 2000e et al.

**COUNT II**

31. Plaintiff incorporates by reference paragraphs 1-28 above.

32. Defendant, as a result of terminating Plaintiff due to her race, violated Section 1981 pursuant to 42 U.S.C. § 1981.

**COUNT III**

33. Plaintiff incorporates by reference paragraphs 1-28 above.

34. Defendant, as a result of terminating Plaintiff for her disability, violated the Americans with Disabilities Act 42 U.S.C. § 12112 (ADA).

**COUNT IV**

35. Plaintiff incorporates by reference paragraphs 1-28 above.

36. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated Title VII, 42 U.S.C. § 2000e et al.

**COUNT V**

37. Plaintiff incorporates by reference paragraphs 1-28 above.

38. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated Section 1981 pursuant to 42 U.S.C. § 1981.

**COUNT VI**

39. Plaintiff incorporates by reference paragraphs 1-28 above.

40. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated 42 U.S.C. § 12112 et seq.

**COUNT VII**

41. Plaintiff incorporates by reference paragraphs 1-28 above.

42. Defendant, as a result of discriminating against Plaintiff based on her race, violated Title VII, 42 U.S.C. §2000e et al.

**COUNT VIII**

43. Plaintiff incorporates by reference paragraphs 1-28 above.

44. Defendant, as a result of discriminating against Plaintiff based on her race, violated 42 U.S.C. § 1981.

**COUNT IX**

45. Plaintiff incorporates by reference paragraphs 1-28 above.

46. Defendant, as a result of discriminating against Plaintiff based on her race, violated 42 U.S.C. § 12112 et seq.

**COUNT X**

47. Plaintiff incorporates by reference paragraphs 1-28 above.

48. Defendant, as a result of subjecting Plaintiff to different terms, conditions, and privileges of employment due to her race violated Title VII, 42 U.S.C. § 2000e et al.

**COUNT XI**

49. Plaintiff incorporates by reference paragraphs 1-28 above.

50. Defendant, as a result of subjecting Plaintiff to different terms, conditions, and privileges of employment due to her race violated 42 U.S.C. § 1981.

**COUNT XII**

51. Plaintiff incorporates by reference paragraphs 1-28 above.

52. Defendant, as a result of subjecting Plaintiff to different terms, conditions, and privileges of employment due to her race violated 42 U.S.C. § 12112 et al.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff liquidated damages;

C. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

D. Award Plaintiff her costs in this action and reasonable attorney fees;

E. Award Plaintiff pre-and-post-judgment interest;

F. Award Plaintiff punitive damages;

G. Award Plaintiff front pay; and

H. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully submitted,

*//s/: Stephen Rollins*
Stephen Rollins, #35791-49

Amber K. Boyd, #31235-49
**AMBER BOYD LAW**
8506 Evergreen Avenue
Indianapolis, IN 46240
Office: (317) 960-5070
stephen@amberboydlaw.com
amber@amberboydlaw.com

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully submitted,

*/ /s/: Stephen Rollins*
Stephen Rollins